IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHEILA TITSWORTH                                                                PLAINTIFF


v.                                        CIVIL NO. 21-2030


KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                        DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Sheila Titsworth, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on September 27, 2018,[2] alleging an inability to work since January 12, 2007,[3] due to bulging discs due to a car

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Court notes the ALJ's decision indicates Plaintiff's applications were filed on 12/19/2017. (Tr. 18)

[3] At the administrative hearing held on March 17, 2020, Plaintiff amended her alleged onset date to September 27, 2018, the date the SSI application was filed. (Tr. 18, 140). Due to Plaintiff's amended alleged onset date, Plaintiff also withdrew her Title II application, as her insured status expired on March 31, 2012. (Tr. 323).

accident; anxiety; and nerve problems. (Tr. 173, 310, 316). An administrative telephonic hearing was held on March 17, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 132-170).

By written decision dated May 8, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 21). Specifically, the ALJ found Plaintiff had the following severe impairments: a lumbar spine small disc protrusion and mild arthropathy; mild bilateral lower extremity neuropathy; asthma; obesity; anxiety; major depressive disorder; borderline intellectual functioning; and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21)  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except she can occasionally climb ramps. Stairs, ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; cannot have concentrated exposure to dust, fumes, or other pulmonary irritants; cannot be exposed to extreme heat or cold; is limited to unskilled work with supervision that is simple, direct, and concrete; and is limited to social interaction that is brief and superficial.

(Tr. 24). With the help of a vocational expert, the ALJ determined Plaintiff could perform jobs as a mail clerk, a routing clerk, and production assembler. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on January 6, 2021. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) Plaintiff's impairments meet/equal a Listing; 2) The RFC is inconsistent with the evidence; and 3) The Commissioner did not prove that there are jobs that Plaintiff can perform. (ECF No. 17). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 20). The Court has reviewed the entire transcript and the parties' briefs.

Plaintiff argues the ALJ erred in determining that Plaintiff's impairments failed to meet or medically equal Listing 12.02 for neurocognitive disorders, or Listing 12.05 for intellectual disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.02, 12.05.  In the present case, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of Listing 12.05. In doing so, the ALJ considered the Paragraph A criteria and determined Plaintiff did not establish significant deficits in adaptive functioning based on her dependence upon others for her personal needs. As discussed by the ALJ, the record

revealed that Plaintiff had no difficulty feeding herself or taking care of her personal needs. The ALJ also addressed the Paragraph B criteria of Listing 12.05, and found Plaintiff had moderate limitations in understanding, remembering, or applying information; moderate limitations in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace; and moderate limitations in adapting or managing herself. In making this determination, the ALJ pointed out that Plaintiff was able to shop for groceries, prepare meals for herself, handle a saving account, take care of her personal needs, take care of her minor son, spend time with family, and occasionally attend her son's extracurricular activities. The ALJ also noted that while there were times that Plaintiff's medical providers noted that she exhibited anxiousness and pressured speech, there are also numerous occasions during the time period in question where Plaintiff was found to have normal memory, attention, cognition and thought processes. While the ALJ did not expressly mention Listing 12.02, "[a]n ALJ's failure to address a specific listing or to elaborate on h[er] conclusion that a claimant's impairments do not meet the listings is not reversible error if the record supports the conclusion." *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017). Listing 12.02 Paragraph B criteria mirror that of 12.05, and as addressed above, the Court finds substantial evidence supports the ALJ's findings with respect to the Paragraph B criteria. In this case, the record supports the ALJ's conclusion that Plaintiff's impairments do not meet or medically equal a Listing.

With respect to the RFC determination, the Court notes that an ALJ "is not required to adopt all limitations proposed by a doctor, even if that doctor's opinion is accorded significant weight." *Cannady v. Colvin*, No. 4:14-CV-00372-NKL, 2015 WL139762, at *5 (W.D. Mo. Jan. 12, 2015). As the Eighth Circuit has explained, an ALJ need not "mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). In determining Plaintiff's

RFC, the ALJ discussed the opinions of the non-examining medical consultants (Drs. Elizabeth Berry, Diane Kogut, Teresa Kramer, Clarence Ballard), the examining medical consultant (Dr. Robert L. Spray, Jr.), and Plaintiff's treating professionals (Mr. Thomas C. Long, LPC). With each provider, the ALJ stated how persuasive she found each medical opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). As addressed by the ALJ, during the time period in question, Plaintiff was able to live alone and care for her son with some help from Plaintiff's sister and father; to prepare simple meals; to take care of her personal hygiene; to manage financial matters; to shop in stores, usually with her sister; to perform light household chores;  and to attend her son's extracurricular activities, noting she tried to sit away from others. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a mail clerk, a routing clerk, and a production assembler. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and

Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

      DATED this 21st day of March 2022.

/s/    *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE